Tudor v. Tudor.

---

CASE 79—PETITION EQUITY—JUNE 22.

## Tudor v. Tudor.

APPEAL FROM FAYETTE CIRCIUT COURT.

1. **DIVORCE—JURISDICTION—WAIVER.**—The defendant in an action for divorce by failing to plead or object to the jurisdiction on account of the suit not being in the county of the residence of the female defendant, waives the jurisdiction or venue, and the court will have complete jurisdiction to hear and determine the case upon its merits.

Tudor v. Tudor.

· Z. GIBBONS, W. C. G. HOBBS AND N. H. HOBBS FOR APPELLANT.

1. An allegation in a petition of divorce that the plaintiff now resides, and for some time has resided in the county where the suit is filed, is *prima facie* equivalent to the expression "usually resides," contained in section 76, of the Code. Lochnane v. Lochnane, 78 Ky., 467.

2. In all actions for divorce in which the defendant is actually summoned or appears and fails to object to the jurisdiction by demurrer or answer, all objection to the jurisdiction of the particular court is waived, if that court be one that has jurisdiction to grant the divorce.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

Appellant instituted this action in the Fayette Circuit Court against the appellee to obtain a divorce, the grounds being lewd and lascivious conduct on the part of appellee.

It is alleged in the petition that appellant then and for more than one year last past had been a resident of Fayette county, Ky., and that the defendant then resided and for some while had resided in Fayette county. It also appears that the summons was directed to the sheriff of Fayette county, issued against the defendant, and executed in Fayette county, October 24, 1895. No defense was made by the defendant. Upon the trial of the cause the court dismissed the petition without prejudice, as it is said upon the sole ground of lack of jurisdiction, it not having been proven that defendant was a resident of Fayette county at the time of the institution of the suit.

The cause for divorce and residence of plaintiff seems to be fully proven by the evidence, but the evidence fails to show that the defendant was in fact a resident of Fayette county at the time of the institution of the suit, and the sole question presented for decision is whether or not the

court had jurisdiction to render judgment of divorce when the residence of the female defendant is not shown to have been in the county in which the action was instituted at the time of the institution thereof. It is the contention of appellant that the residence of appellee or defendant may be waived, and if the jurisdiction is not objected to the court may lawfully hear and determine the case, and cites the case of Johnson v. Johnson, 12 Bush 485. In that case the residence of the wife seems to have been in Bullitt county, but instituted suit in Jefferson county against her husband for divorce. He made defense without objecting to the jurisdiction of the court, but the court dismissed the petition for want of jurisdiction, which judgment was reversed by this court.

The court in discussing that case said: "The real object, we have no doubt, was to so regulate the jurisdiction as to subserve the convenience and possibly the interest of the wife by making the jurisdiction local to that county in which she should, at the time of the commencement of the suit, have an actual residence; and if she had no such residence in the State, then to the county of her husband's residence. * * * In most, if not in all, of our local actions there is an obvious reason for making them local. * * * But as a suit for divorce is not in its nature local, except to the tribunals of the country of which the parties are citizens or subjects, and we are unable to discover any reason which can have induced the legislature to make the jurisdiction local, beyond the control of the parties, and the jurisdiction having been made to depend upon the residence of one or the other of the parties at the time of commencing the suit,

and thus practically subjected to their control, we think we do no violence to the language of the statute or the intention of the legislature in holding that the legislature only intended to fix the jurisdiction when it was disputed, and when the defendant was proceeded against by constructive service; and that in all cases in which the defendant is actually summoned or appears, and fails to object to the jurisdiction by demurrer or answer, the objection to the jurisdiction of the particular court is waived if that court is one having jurisdiction to grant a divorce in any case.   \*   \*   \*

"A contrary construction would leave every judgment granting a divorce open to collateral attack wherever and whenever it might be called in question. If the jurisdiction in such cases is to depend upon the residence of either party on the day the suit is brought, then without the required residence the judgment is void, and would be liable to be questioned in every case in which it might be offered in evidence, and its validity would depend upon the evidence as to the residence of the husband or wife on a particular day. The residence, especially of the wife, might be difficult to prove; the proof might be conflicting; and it might happen that in one case in which the validity of a judgment was called in question it would be sustained, and in another would be held invalid, thus subjecting those interested to the most perplexing and embarrassing anxiety and uncertainty."

It will be seen further that the code requires the residence of the parties to be proven, and the credibility of the witnesses testifying thereto to be sustained. The object of that provision is doubtless intended to apply to the plaintiff

in all cases, because it is the policy of the law not to allow non-residents to come into the State and institute and prosecute suits for divorce, but it seems to us in view of the decision quoted, and of the reasons therefor, that the de-defendant in a divorce case may, by failing to plead or object to the jurisdiction, on account of the suit not being in the county of the residence of the female defendant, waive the question of jurisdiction or venue, and, in such an event, the court will have complete jurisdiction to hear and determine the case upon its merits.

For the reasons given the judgment appealed from is reversed and the cause remanded, with directions to render judgment for divorce in favor of appellant.