## Kinser v. Kinser.

(Decided December 5, 1919.)

### Appeal from Campbell Circuit Court.

1. Divorce—Venue of Action.—Under section 2120, Kentucky Statutes, an action for divorce must be brought in the county where the wife usually resides, if she has an actual residence in the state; if not, then in the county of the husband's residence.

2. Divorce—Jurisdiction—Waiver of Objection.—In an action by a husband for divorce, he pleaded that he was a resident of the county in which the suit was brought. Without objecting in terms to the jurisdiction of the court, the wife filed an answer denying that plaintiff resided in the county where the suit was

brought:   Held, in view of section 422 of the Civil Code, pro-
viding that the residences of the parties to an action for divorce
must be proved by one or more credible witnesses, the defendant
did not waive the jurisdiction of the court, but her denial of the
jurisdictional facts was in effect a plea to the jurisdiction and
sufficient to challenge the right of the court to proceed unless
plaintiff proved the jurisdictional facts.

3.   Divorce—Residence   of   Plaintiff—Evidence—Sufficiency.—In   a
husband's action for divorce, evidence examined and held in-
sufficient to show that he resided in the county where the action
was brought.

HOWARD M. BENTON and C. F. SEE, JR., for appellant.

FRED M. VINSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

Plaintiff, L. L. Kinser, appeals from a judgment of
the Campbell circuit court dismissing his petition for an
absolute divorce.

The petition was filed on May 14, 1918, and is as fol-
lows:

"The plaintiff, L. L. Kinser, says that he resides in
Campbell county, in the state of Kentucky, and has re-
sided in Kentucky for the past five years. The plaintiff
says that on the 3rd day of March, 1898, in the county
of Monroe, and the state of Tennessee, he and the de-
fendant, L. L. H. Kinser, were united in matrimony in
due accordance with the laws of the state of Tennessee,
were made man and wife, that he lived with the defend-
ant as his wife until on or about the 10th day of May,
1913, at which time they separated. Plaintiff further
says that they have lived separate and apart without
any cohabitation during the last five years past, he hav-
ing had an actual residence in the state of Kentucky
during all that time. The plaintiff further says that the
defendant is a non-resident of this state, and as the plain-
iff believes, is now absent from this state, and that she
resides in the state of Tennessee, and her post office is
Knoxville, Tennessee.

"Wherefore, the plaintiff prays for a judgment for
divorce from the defendant, L. L. H. Kinser, and for all
proper relief both general and special, and will ever
pray."

A corresponding attorney was appointed to warn defendant of the pendency of the action. On July 15, 1918, defendant filed a verified answer in two paragraphs. In the first paragraph she denied that plaintiff resided in Campbell county, Kentucky, or that he had resided in Kentucky for the past five years, or that he had an actual residence in the state of Kentucky during the last five years. She further denied that either her residence or post office address was Knoxville, Tennessee. In the second paragraph she pleaded the residence of plaintiff at the time of the filing of the suit. was in Lawrence county, Kentucky; that he was under indictment in that county for the crime of bigamy committed by his marrying Ida Smith in that county on July 5, 1913, when at the time he was married to defendant; that his effort to secure the divorce was and is merely to show, or attempt to show, to a jury that he is now divorced in the hope that the verdict of the jury will be tempered with sympathy and the term of years therein imposed be lessened; that by virtue of such being the status of the case, a court of equity should not interpose in his behalf.

On November 8, 1918, plaintiff filed in open court an amended petition stating defendant's full given name and alleging that defendant was then a non-resident of Kentucky and absent therefrom, and that her attorney of record, F. M. Vinson, was in United States military service and absent from the state and that if defendant had engaged another lawyer to represent her in the action neither plaintiff nor his counsel was aware of it. At the same time, plaintiff's motion for the court to appoint some person on whom to serve notice for taking depositions was sustained, and Hubbard Schwartz was appointed for that purpose. Pursuant to notice served on Hubbard Schwartz, plaintiff took the depositions of several witnesses in Louisa, Kentucky, on November 14, 1918. One of the witnesses, T. J. Branham, testified that he knew plaintiff and that plaintiff had lived in Kentucky for five years next before the 10th day of May, 1918; that during that time plaintiff had not lived or cohabited with the defendant to the knowledge of witness; that since he had known plaintiff, plaintiff claimed Lawrence county, Kentucky, as his home and had always voted there, and that defendant had stated to wit-

ness that she lived at Knoxville, Tennessee. Mrs. Linda Branham testified that she had known plaintiff more than five years; that during all that time he claimed his residence in Lawrence county, and had never lived with or cohabited with the defendant. She further stated that plaintiff had told her that he was always going to make Kentucky his home. Ethel Stuff testified that she had known plaintiff since April 13, 1913; that she first got acquainted with him at Louisa; that during all that time he claimed his residence in Lawrence county and she had never known of his living with the defendant. W. J. Roberts, the circuit court clerk of Lawrence county, testified that in a suit filed in that court by defendant against plaintiff, there was a written contract signed by plaintiff and defendant dated May 10, 1913, reciting that the parties were separated and that the husband was by the agreement making provision for the separate maintenance and support of his wife and their children. Witness further testified that plaintiff had been tried and convicted of bigamy, but that the judgment had been reversed by the Court of Appeals in an opinion rendered October 25, 1918, and reported in 181 Ky. 727.

On November 16, 1918, plaintiff took the deposition of Mrs. Rose Lepper pursuant to written notice served on Hubbard Schwartz and also on the county attorney. Mrs. Lepper testified that she lived in Newport, Kentucky; that she had been acquainted with plaintiff since August, 1917, when he rented an apartment from her at 617 Washington avenue, Newport, that since that time he had lived continuously in Newport. On cross-examination by Mr. Schwartz she stated that plaintiff was connected with the American Tobacco Company; that his business required him to be away from home a portion of the time and that he visited different places in Kentucky; that during all that time he had kept his apartment in Washington avenue, and that she knew nothing about defendant's whereabouts. On cross-examination by Mr. McLaughlin she testified that defendant had never been at her home during the time that plaintiff lived there, and that she had never seen the defendant. On redirect examination she stated that plaintiff had lived separate and apart from his wife without cohabitation during the period that she had known him.

Plaintiff insists that it was not necessary for him to prove that he resided in Campbell county when the suit was brought, because the defendant waived the jurisdiction of the Campbell circuit court by her failure to demur or to answer to the jurisdiction. Under our statute an action for divorce must be brought in the county where the wife usually resides, if she has an actual residence in the state; if not, then in the county of the husband's residence. Section 2120, Kentucky Statutes. And notwithstanding the fact that the Code provides that the residence of the parties must be proved by one or more credible witnesses, Civil Code, section 422, we have nevertheless held that where the defendant in a divorce suit is actually summoned or appears and fails to plead or object to the jurisdiction of the court on account of the suit's not being in the county of her residence, she waives the jurisdiction and the court will have complete jurisdiction to hear and determine the case upon its merits. Johnson v. Johnson, 12 Bush 485; Tudor v. Tudor, 101 Ky. 530, 41 S. W. 768. But in view of the Code provision we are not inclined to extend the doctrine of waiver any further. Though it be true that the defendant did not in terms object to the jurisdiction of the court, the first paragraph of her answer contained a denial of the jurisdictional facts with reference to the residence of the parties. That being true, it was in effect a plea to the jurisdiction, and was therefore sufficient to challenge the right of the court to proceed unless the plaintiff proved the jurisdictional facts.

The depositions were all taken by plaintiff. Mrs. Lepper's testimony is to the effect that plaintiff rented an apartment from her in August, 1917, and had occupied the apartment from that time on when not out on the road for the American Tobacco Company. On the other hand, two or three of the witnesses stated that plaintiff had always lived in Lawrence county and had claimed that county as his home, and one of them stated that he had voted there. No one testified that plaintiff went to Newport to make his home there, or that he ever claimed that his home was there. In view of the positive evidence of his own witnesses that he always claimed Lawrence county as his home, we are clearly of the opinion that the mere fact that he rented an apartment in Newport and occupied it when not out on the

road was not sufficient to establish his residence in Campbell county. That being true, he was not entitled to bring his suit there and the court did not err in dismissing the petition.