## Crescent Grocery Company v. Vick.

(Decided May 9, 1922.)

### Appeal from Daviess Circuit Court.

1. Pleading—False Representations—Demurrer.—A petition which avers that the defendant through deceit and fraud obtained from

the plaintiff money, is subject to demurrer if it also appear from the averments of the pleading that the alleged false representation was concerning an immaterial matter.

2. Contracts—Fraud and Deceit—Pleading.—The appellant corporation, a wholesale grocery concern, employed appellee as its traveling salesman in the following way and under the following contract: That appellant company would pay appellee the same compensation for his services which he was then receiving from P. and S., a rival concern of appellant, for like services, the appellee at the time representing to appellant that he was receiving forty per cent of the profits derived from sales made by him, which, after being considered by appellant, it employed appellee as its salesman and agreed to and did thereafter pay to him forty per cent of the profits arising from sales made by him; but after he left appellant's employment learned for the first time that appellee had deceitfully suppressed a part of the contract with P. & S., whereby he was to suffer forty per cent of the losses resulting from sales made by him, and by reason of said deceitful suppression of part of the terms of the contract the appellant company had paid to appellee, as compensation, more than $2,000.00, to which he was not entitled. The statement by appellee of the compensation received by him from his then employer was wholly immaterial when the minds of the contracting parties met upon forty per cent of the profits derived from the sales as the compensation of appellee.

3. Contracts—Trade Talk—Relief.—A buyer or employer is not entitled to relief upon mere "trade talk" or "boosts" given by a seller or employe in order to effect a sale or induce a contract of employment.

E. B. ANDERSON and W. FOSTER HAYS for appellant.

SANDIDGE & SANDIDGE and LOUIS I. IGLEHART for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A general demurrer was sustained by the lower court to the petition of appellant, Crescent Grocery Company, by which it sought to recover of appellee, Vick, $2,094.24, which it is averred in the petition appellee Vick by deceit and fraud wrongfully obtained from appellant company. Vick was an experienced traveling grocery salesman in the district adjacent to the city of Owensboro, and had a large number of customers. He had been working for Parsons & Scoville, of Evansville, Indiana, a wholesale grocery concern. In April, 1911, the W. S. Vick Grocery Company, of Owensboro, was incorporated and entered into a contract with appellee Vick, whereby Vick was to and did become its traveling representative in certain territory, the contract being, as contended by ap-

pellant company, that he was to receive from said concern the same compensation which he had received from Parsons & Scoville for his services to them for the last year next before the organization of the W. S. Vick Grocery Company, but Vick claims that he was to have forty per cent of the profits derived by the company from his sales. Vick was elected a director and also president of the new grocery concern, and entered upon the discharge of the duties of traveling salesman for it. It is averred in the petition that Vick, at the time of his employment as salesman, fraudulently represented to appellant company that under his contract with Parsons and Scoville he was to and did receive forty per cent of all the profits derived by the firm from the sale of goods brought about through the efforts of Vick, and that pursuant to said representation the appellant company paid him forty per cent of the profits derived by appellant company from the sales of goods made by Vick; but it further averred in the petition that appellee Vick fraudulently suppressed and withheld from appellant company a certain part of the contract which he had with Parsons & Scoville, whereby the said Vick was to bear forty per cent of all losses sustained by his employer from sales made by him, and by such fraudulent means induced and caused appellant company to pay him $2,094.24 more than it otherwise would have paid him had it known the true terms of the contract under which he had worked for Parsons & Scoville, and which were to be and were in fact the terms of the contract of employment by which appellee Vick was to work for appellant company. The action, therefore, was one in the nature of deceit. The petition was three times amended but finally held by the trial court not to state a cause of action against appellee Vick, and this appeal is from a judgment dismissing this petition for failure of the plaintiff to further plead after the general demurrer had been sustained.

Actionable fraud may consist as well of suppression or concealment of material facts as by the assertion of what is false, for the gist of the action is the production of a false impression upon the mind of the party misled to his injury. Adkins v. Stewart, 159 Ky. 219.

We have adopted the general rule that an action cannot be maintained for fraud or deceit unless it be made to appear (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any

knowledge of its truth and as a positive assertion; (4) that he made it with intention of inducing plaintiff to act or that it should be acted upon by the plaintiff; (5) that plaintiff acted in reliance upon it, and (6) that plaintiff thereby suffered injury. Although the alleged representation was made by defendant, if it was not material, or was not false, or defendant did not know it was false, and did not make it recklessly in disregard of the truth, or did not make the representation intending that plaintiff should be induced to act upon it; or, if plaintiff was not induced to and did not act upon the representation, or if he did so without injury or loss resulting to him, no cause of action exists in favor of the plaintiff. Anheuser-Bush Brewing Association v. Daviess County Distilling Co., etc., 20 R. 1522; Tudor v. Tudor, 101 Ky. 530; Livermore v. Middlesborough Town Lands Co., 106 Ky. 163; Southern Express Co. v. Fox and Logan, 131 Ky. 257; The Chicago Building & Manufacturing Co. v. Beaven, et al., 149 Ky. 267; Taylor v. Mullins, 151 Ky. 597; Bewley, etc., By, et. al. v. Moreman, et al., 162 Ky. 32. In sustaining the demurrer to the petition of appellant company, the trial court was no doubt of opinion that the averments of the pleading were insufficient to show the foregoing six essentials of a cause of action for fraud or deceit, and the correctness of this conclusion is the sole question to be determined upon this appeal. After alleging the appellant, Crescent Grocery Company, was duly incorporated, being but the reorganization of and a new or amended name of and for the W. S. Vick Grocery Company, the petition states that appellant company, by its former name, W. S. Vick Grocery Company, "is and has always been engaged in the wholesale grocery business in the city of Owensboro, Daviess county, Kentucky, and as such is now selling and has always sold groceries and merchandise to the retail trade in the state of Kentucky and elsewhere, and especially to retail merchants doing business in the counties in this state and other states adjoining and near Daviess county, Kentucky, and that the plaintiff and its predecessor, W. S. Vick Grocery Company, is now selling and has in the main sold its goods, wares and merchandise by and through the solicitation of traveling salesmen (commonly called drummers) in its employ," it then avers that in April, 1911, "this plaintiff's predecessor, the W. S. Vick Grocery Company, made and entered into a contract with the defendant, W. S. Vick, whereby and whereunder he agreed

and contracted to work for it and sell its groceries and merchandise as a traveling salesman or drummer, and to do so under the same contract which he had with the wholesale grocery firm of Parsons & Scoville, of Evansville, Indiana, the last twelve months he was employed by it, and in whose employ he had been from April, 1910, to March, 1911, both months inclusive.'' Then follows the averment that appellee Vick represented to appellant company, while operating under its former name, that his contract with Parsons & Scoville was for the last twelve months he worked for that firm, that he should receive and did receive, as compensation from them, forty per cent of all the profits which they, the said Parsons & Scoville, realized on goods, wares and merchandise which the firm sold through the solicitation of appellee Vick, whereas in truth and fact the contract contained the additional provision that Vick, as salesman, should bear forty per cent of the losses sustained by Parsons & Scoville on goods sold by Vick, or through his solicitation, and that this latter part of the contract was fraudulently suppressed and concealed by appellee Vick from the W. S. Vick Grocery Company when he entered into the contract with it and that as a result of said fraudulent suppression and concealment of said provision of said contract appellant company, relying upon the truth of the representation of the said Vick as to the terms of the contract and not knowing otherwise, paid to him forty per cent of all the profits realized by the company from the sale of merchandise, through his solicitation, and failed to and did not deduct from said profits forty per cent of the losses from said sales so made by appellee Vick, and by reason of such fraudulent concealment and suppression of the said terms of said contract appellant company paid to appellee Vick $2,094.24 in excess of the amount which he was entitled to receive under said contract for his said services. It is also averred in an amended petition that W. S. Vick was duly elected and installed a director of the company and was made president of the company, and therefore bore a fiduciary relation to said company and was bound as such fiduciary to make full and fair disclosures to the company of all facts in his possession affecting the business of the company, and that he violated this fiduciary relation and failed to perform his duty to the company when he concealed and suppressed that part of the contract, unknown to

the company, by which he was to bear forty per cent of the losses resulting from the sales made by him.''

It is insisted by appellant grocery company that its petition shows that appellee Vick made a material representation to it; that said representation was false and so known to be by him at the time he made it; that he made said representation with the intention that it should be acted upon by the plaintiff, and that it was relied on and acted upon to the injury of appellant company in the sum sought to be recovered. For appellee it is (1) insisted that the petition does not aver that the alleged false representation was material. The petition does not allege that the false representation was material, but it does set forth facts which it is claimed by appellant company show the materiality of the alleged false representation, thus conforming to the provision of our Code, which requires that facts and not conclusions shall be pleaded. Of course, it would be wholly unnecessary, after showing by an averment of the facts the materiality of the alleged false representation, to specifically aver that the representation was material. But if the facts averred show the immateriality of the alleged false reprsentation, a specific averment that the representation was material will be unavailing. If it be granted that the suppression of a part of the terms of the contract which Vick had with his then employer, amounted to an affirmation of an untruth, can it be said, under the facts as pleaded, that the representation was material?

It is averred that the false representation of which the plaintiff complains was made at the same time and in the course of the same conversation in which Vick was employed by the plaintiff as salesman, and that the plaintiff employed him and agreed to pay him forty per cent of the profits because Vick represented to it that he was then receiving that compensation for his services from Parsons & Scoville. The minds of the contracting parties met, according to the averments of the petition, one agreeing to give and the other to accept a certain named compensation—forty per cent of the profits arising from sales made by Vick—and it was wholly immaterial what Parsons & Scoville were then paying Vick for like services. The boost Vick gave his services by the false representation that he was receiving a larger compensation than actually paid him, was mere *trade talk* on which

the plaintiff had no right to rely. We have held that no action for deceit or fraud will lie against a seller who falsely represents that he has been or is then offered a certain high price for the thing he is then trying to sell and thus induces the buyer to take it at the same or higher price.

Vick offered to take forty per cent of the profits as compensation for his services, the thing offered to be sold, and falsely represented that he was offered and was then receiving that price for his services. Applying the foregoing rule to these facts it is manifest the plaintiff had no cause of action and the trial court properly sustained the demurrer and dismissed the petition. The rule, however, would not be the same if the contract had required Vick to represent and the company to pay him for his services the same compensation he was then receiving from Parsons & Scoville, and the parties had not then mentioned the sum or per cent, and thus agreed upon such named compensation, for without such fixed sum the minds of the contracting parties would have met on and the contract would have bound Vick to represent the company and the company to pay him the same compensation then being received by him from Parsons & Scoville. Although he was a director and president of the company, the petition does not aver that in the negotiations the company was not fully, fairly and faithfully represented by other officers, nor that Vick used his official connection with the company to drive a hard bargain, or did through that means obtain the contract, or that the company would not have made the contract employing Vick but for the alleged false representation. The petition failing to show the materiality of the alleged false representation made by Vick, the judgment of the lower court sustaining the general demurrer to that pleading, must be affirmed even though it be alleged that Vick was a director and president of the corporation at the time of the making of the contract, for these averments would not take the case out of the rule had it been in form and substance sufficient.

Judgment affirmed. Whole court sitting.