## Luvall v. Luvall.

(Decided March 19, 1929.)

W. O. RODES for appellant.

W. R. GARDNER for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellant, Mattie Luvall, filed this suit for divorce against the appellee, Kiah Luvall, alleging that "she is now an actual resident of Warren county, Kentucky"; that on April 12, 1925, the defendant abandoned her in this state; that before their separation he had struck her, and inflicted injuries which caused her to suffer a great deal, and "on account of his cruel and inhuman conduct they could not live together, and as a result they are now separated." She prayed for a divorce,

for the custody of their three children, and for mainte-' nance and alimony in the sum of $30 a month.

·The answer denied the plaintiff had resided in Kentucky for twelve months before the institution of the suit, and denied that she had resided in Warren county during the previous two years or more. The allegation of his abandonment was denied by the defendant, and he charged that the plaintiff had abandoned him while living · in Louisville in April, 1925, since which time the plaintiff has been a nonresident of Kentucky. He denied cruel treatment on his part, and stated that he had treated the plaintiff kindly during their married life. As a counterclaim, he prayed for a divorce on the ground of abandonment.

The chancellor was of the opinion that the Warren circuit court did not have jurisdiction of the case, and dismissed the petition and counterclaim. The judgment was rendered on June 4, 1927, and the appeal has been granted by this court. Although duly summoned on the appeal, no defense is here offered by the appellee.

The parties are colored people. They were married at Bowling Green in 1914, and appear to have had no domestic difficulties until after their removal to Louisville in 1924. Out of appellee's earnings they had paid for a home in Bowling Green, which was sold upon their going away, and since that time neither party owned any property in Warren county. Immediately after the separation in Louisville, the appellee went to Owensboro, where he was residing at the time this suit was filed, and the appellant went directly to Detroit, Mich. After the separation, their oldest child, about 12 years old, went to live with the defendant's brother-in-law in Bowling Green, and has been well cared for, and both parties are content for him to stay there. The two younger children were left with the defendant's mother in Morgantown, up to a few days before this suit was filed, when they were brought by their mother to Bowling Green, and then taken to Detroit. It appears that the defendant has not rendered any support to his children, or given them any attention, since the separation.

The evidence shows that neither party has resided in Bowling Green since their removal to Louisville in 1924, and the plaintiff had been there only once in two years when she visited her father for about two weeks, during which visit this suit was instituted. The plaintiff's father, George Clay, a highly respected colored

man, testified that she claimed Bowling Green as her home, because she was reared there, and that if she came back she would have a right to make her home with him, and could do so any time she wanted to. Before returning to Detroit, right after filing the suit, she talked about coming back in August, because the winters in Detroit were too severe.

The statute fixing the venue of a suit for divorce (section 2120) is in part as follows:

"Action for divorce must be brought in the county where the wife usually resides, if she has an actual residence in the state; if not, then in the county of the husband's residence. And no such action shall be brought by one who has not been a continuous resident of this state for a year next before its institution."

It cannot be said that the evidence in the case, as above recited, proved that Warren county was the place where the plaintiff usually resides, or that she has an actual residence in Kentucky. In common parlance, the question is: Does the plaintiff live there? "Resides" is but more formal than "lives," a word in everyday use as expressing the general idea of continuing or making one's home in a given place. The husband has not lived in Warren county since 1924, and in his answer he raised the issue as to the jurisdiction of the court. It is said in behalf of the plaintiff that, in filing his answer, the defendant entered his appearance to the suit, and the question of jurisdiction was waived. But this contention cannot be sustained.

The same point was raised in the case of Kinser v. Kinser, 186 Ky. 173, 216 S. W. 121, in which the court said: "Though it be true that the defendant did not in terms object to the jurisdiction of the court, the first paragraph of her answer contained a denial of the jurisdictional facts with reference to the residence of the parties. That being true, it was in effect a plea to the jurisdiction, and was therefore sufficient to challenge the right of the court to proceed, unless the plaintiff proved the jurisdictional facts."

The chancellor properly adjudged that he was without jurisdiction to determine the case, and his judgment is therefore affirmed.