**Ruth Helen JONES, Appellant,**

v.

**Shafter JONES, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1959.

W. E. Faulkner, Hazard, for appellant.

No appearance for appellee.

CULLEN, Commissioner.

Ruth Helen Jones brought action for a divorce against her husband in the Perry Circuit Court. From her complaint and depositions it appeared that she was actually residing in Leslie County, at her father's home, to which she had gone after leaving her husband's home in Perry County some six months before the suit was brought. Although the husband did not make any appearance in the action, nor raise any question of jurisdiction or venue, the circuit court entered judgment dismissing the action on the ground of lack of jurisdiction.

It is provided in KRS 452.470 that an action for divorce "must be brought in the county where the wife usually resides, if she have an actual residence in this state * * *." In Johnson v. Johnson, 75 Ky. 485, it was held that this statute is not jurisdictional in the sense of being beyond the power of the parties to waive. The court said (75 Ky. 489): " * * * and in all cases in which the defendant is actually summoned or appears, and fails to object to the jurisdiction by demurrer or answer, the objection to the

jurisdiction of the particular court is waived if that court is one having jurisdiction to grant a divorce in any case."

To the same effect is the holding in Tudor v. Tudor, 101 Ky. 530, 41 S.W. 768.

 Under the authority of the Johnson and Tudor cases, we think the trial court erred in dismissing the action for want of jurisdiction.

The judgment is reversed, with directions that the court entertain jurisdiction.