Dortha Nan GROSS, Petitioner,

v.

Don A. WARD, Judge, Perry Circuit Court,
Respondent.

Court of Appeals of Kentucky.

Jan. 29, 1965.

Hugh M. Warner, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

William H. McCann, Brown, Sledd & McCann, Lexington, for petitioner.

S. M. Ward, Duff Arnett, Hazard, for respondent.

WADDILL, Commissioner.

In this original proceeding Dortha Nan Gross seeks to prohibit the respondent, Honorable Don A. Ward as Judge of the Perry Circuit Court, from proceeding further in an action for divorce filed by her husband, Charles Gross.

The dispositive question is whether Dortha was a nonresident of Kentucky on November 16, 1964, when the action was filed, as that term is used in KRS 452.470. This statute provides:

> "An action for alimony or divorce must be brought in the county where the wife usually resides, if she have an actual residence in this state; if not, in the county of the husband's residence."

The Grosses were married in January, 1964. Charles was attending the University of Kentucty in Fayette County and Dortha had resided in Fayette County for approximately three years. In May, when the spring semester at the University ended, they went to Perry County where Charles' mother lived. In September they returned to Fayette County where a child was born during the following month. Soon thereafter disagreements arose and on November 6, 1964, Dortha took the child for a visit to her mother in Missouri, taking only necessary clothing. Charles filed a divorce action in Perry County while she was gone. On November 26, 1964, Dortha returned to Fayette County and on the following day filed an action for divorce in Fayette Circuit Court. She then moved the respondent to dismiss the action brought against her in Perry Circuit Court for lack of venue.

Respondent found that Dortha was a nonresident of Kentucky on November 16, 1964, and overruled her motion. She then filed the instant proceeding and this Court entered a temporary order, in effect, prohibiting further action in these cases in either the Perry or the Fayette Circuit Courts.

The above-quoted statute requires actual, not merely legal, residence to establish venue. Lanham v. Lanham, 300 Ky. 237, 188 S.W.2d 439, and Luvall v. Luvall, 228 Ky. 577, 15 S.W.2d 433. Upon the record before us it is apparent that Dortha and Charles actually resided in Fayette County. Moreover, the proof does not establish that Dortha intended to change her usual residence when she went to Missouri. Sebastian v. Turner, Ky., 320 S.W.2d 794. Since the place of Dortha's usual residence was Fayette County at the time Charles filed his action in Perry County, the respondent erred in his determination of the question of venue.

The temporary order issued by this Court on January 7, 1965, is dissolved and the respondent is permanently prohibited from proceeding further in this action.