**INGRAM INDUSTRIES, INC., Plaintiff,**

v. .

**John J. NOWICKI, et al., Defendants.**

**Civ. A. No. 79–104.**

United States District Court,
E. D. Kentucky.

Nov. 16, 1981.

James H. Cheek, III, H. Lee Barfield, II, Bass, Berry & Sims, Nashville, Tenn., Ted J. Campbell, Robert M. Beck, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for plaintiff.

E. F. Schaeffer, Jr., Kincaid, Wilson, Schaeffer & Hembree, D. G. Lynn, Lexington, Ky., for Edwin Shelton.

M. Brooks Senn, Richard J. Frockt and D. Paul Alagia, Barnett & Alagia, Louisville, Ky., for Touche Ross & Co.

Richard A. Getty and John A. West, Greenebaum, Doll & McDonald, Lexington, Ky., for John J. Nowicki, John C. Nowicki and R. Chandler Nowicki.

## MEMORANDUM OPINION

SCOTT REED, District Judge.

Defendant, Touche Ross & Co., has moved the Court to dismiss Counts VII and VIII of plaintiff's amended complaint. The discussion is confined to the issues raised by that motion only.

The motion has been orally argued and memoranda in support of and in opposition to the motion have been filed. ·

### COUNT VII

Count VII of the amended complaint alleges that Touche Ross was negligent in

its capacity as an accountant and that this negligence caused loss to the plaintiff. Touche Ross insists that as an accountant it owed no duty of care to a third party such as plaintiff. Touche Ross asserts that plaintiff was not in privity of contract with it. Touche Ross maintains that in this state of affairs a third party plaintiff not in privity of contract cannot recover against an accountant for negligence causing loss unless the particular plaintiff is a specifically foreseen beneficiary of the accountant's work. The contending parties agree that there are no Kentucky decisions directly on this issue, and they also agree that this Court is obliged to predict what the Kentucky Supreme Court would decide if it were confronted with the issue.

In the Court's opinion, it would be nonproductive to attempt an extended discussion of the problem of the scope of liability of an accountant for negligence causing loss to a third party. There has been a steady and continuing development in this area of law. In the opinion of this Court, the strict and restrictive view expressed by Judge Cardozo in the case of *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931) is no longer completely viable. The Court concurs with the conclusions reached by Judge Siler in the apparently unreported case of *American States Insurance Co. v. William D. Morris, et al.*, Civ. Action No. 2372 (E.D.Ky. May 31, 1978). In that case, Judge Siler declared that, in his view, Kentucky would adopt the standards set out in *Restatement (Second) Torts*, Section 552 (1977).

Section 552 of the *Restatement (Second) Torts* makes an accountant subject to liability on a restricted basis. The black letter section reads as follows:

Section 552. Information Negligently Supplied for the Guidance of Others

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

The standards impose a discreet and definite burden upon the plaintiff. He must establish by the evidence and persuade the fact finder that the limiting factors to liability have been overcome. Whether the plaintiff is able to carry this burden can only be assessed in light of the total evidence presented by the contending parties. Therefore, the issue cannot be decided until the facts are fully presented. At trial on the merits, the Court believes the parties will raise the issue and the required standards can then be applied.

## COUNT VIII

Touche Ross argues that Count VIII of the amended complaint should be dismissed. This count alleges liability against the accountant for gross negligence. Touche Ross argues that gross negligence constitutes evidence from which an inference of fraud may be made. It insists that it would be improper to include gross negligence as a separate count in the amended complaint. It appears the plaintiff has already alleged fraud as a basis for liability against the accountant in another, separate count.

There is a very helpful discussion in *Accountants and the Common Law: Liability to Third Parties*, 52 Notre Dame Law 838 (1977). In this article the following statements are made: "Besides fraud, gross negligence then is itself a sufficient ground to find the accountant liable to the third party. No longer is the accountant assured that a 'mere thoughtless slip or blunder' will not result in liability." *Id.* at 847. The discussion in this article concludes with the following statements:

> In summary, the present status of common law liability of an accountant for fraud is that gross negligence is sufficient to hold the accountant liable for fraud, and that the failure to disclose after-acquired information which makes the first report false, when it is known that third parties are relying on the original report, can make the accountant liable for fraud.

*Id.* at 847–48.

 As this Court has previously indicated, it would appear from an analysis of the many cases decided in recent years that generally gross negligence may be regarded as equivalent to fraudulent conduct which represents, in part, a limited relaxation of the strict standards required to be shown when a claim is asserted for intentional fraudulent conduct. Therefore, at this juncture, it is relatively insignificant what label we use. If the plaintiff can make out a submissible case of intentional fraudulent conduct, then the defendant accountant may be subject to liability. If the plaintiff's proof, however, fails to make a submissible case on "fraud" but does make a submissible case on "wanton and reckless misstatement," then the defendant accountant may be subject to liability even though all of the strict elements of proof of intentional fraudulent conduct are not sufficiently shown. Again, as we found concerning Count VII, it is also true as to Count VIII. This submissibility issue can only be determined after the evidence on the merits produced by the parties has been assessed.

The foregoing discussion should not be taken to say that the plaintiff will be able to make a submissible case on either or both of the claims asserted in Counts VII and VIII. The Court is quite aware that it is dealing with a situation of restricted liability. We are, however, unable to say at this time that the plaintiff is unable to make such a submissible case as to either or both of the claims asserted. Accordingly, the motion of the defendant Touche Ross to dismiss Count VII and Count VIII of the plaintiff's amended complaint will be denied by separate order.