## Miller v. Miller.

(Decided January 20, 1911.)

### Appeal from Campbell Circuit Court.

Divorce—Abandonment of Action.—If pending an action for divorce the plaintiff renews the marital relation, and fails for several years to take any further steps in the action, she abandons the action and all rights predicated thereon.

M. R. LOCKHART and WILLIAMS & LOCKHART for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 13, 1903, appellant, Jennie Miller, instituted this action for a divorce and alimony against her husband, John Miller. After setting forth her marriage to appellee and their residence in Campbell county, Kentucky, and the fact that the causes for divorce occurred in this State within five years next before the commencement of the action, appellant stated in her petition four grounds for divorce: First, the confirmed habit of drunkenness on the part of appellee, which had continued for more than two years, accompanied with the wasting of his estate and without any suitable provision for the maintenance of herself and child; second, that appellee had habitually behaved toward her, for not less than two years, in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness; third, that appellee was guilty of such cruel beating and injury, and attempt at injury of her, as indicated an outrageous temper in him, or probable danger to her life, or great bodily injury in case she continued to live with him;

fourth, abandonment of herself and child, and the failure and refusal on the part of appellee to make suitable provision for the support of herself and child. Accompanying the allegations respecting each cause of divorce was an allegation to the effect that appellant was without like fault.

Upon the filing of this action, appellant obtained an injunction restraining the appellee from obtaining or disposing of his salary in any manner until the further order of the court.

On November 30th, 1903, the restraining order was dissolved by mutual consent. On the same day a consent order was entered by which appellee agreed to pay appellant, and she agreed to accept, the sum of four dollars per week as alimony and maintenance during the pendency of the action, and thereafter as permanent alimony for the maintenance of herself and child. On April 9, 1904, appellant had filed the depositions of certain witnesses whose testimony tended to establish the allegations of her petition.

On January 27, 1906, the following order was entered: "This case is filed away and defendant will pay the costs herein, for which execution may issue." On November 17, 1906, appellant moved the court to re-docket the case and to issue a rule against appellee to show cause why he had not complied with the judgment with reference to alimony. The motion to redocket was sustained.

On February 19, 1910, on motion of appellant, a rule was awarded against appellee, returnable February 26, 1910, to show cause why he had not paid the alimony adjudged. On February 26, 1910, appellant moved to submit the case for judgment, and the same was submitted. On March 26, 1910, appellant moved to dispose of rule. Appellee then appeared and offered to file a response to the rule. The response was ordered filed. In this response he charged, in substance, that he had settled with, and paid in full to appellant any and all claim she had or might have against him for alimony for herself, together with all costs and attorneys' fees in the case; that at said time he agreed to pay four dollars per week for the support and maintenance of their minor child; that for some time thereafter he paid appellant said four dollars per week for said child until she surrendered to him the custody of the child; that he then took possession, care and custody of the child, clothed, fed, maintained, educated and cared for him in a proper manner until the 19th day of February, 1910, when appel-

lant came from Chicago, Illinois, where she had resided for a period of four years, and persuaded the child to leave the home which appellee had provided for him and go with her to Chicago. The response concludes with a statement that neither appellee nor his attorney had any notice of the re-docketing of the case. On the same day appellee moved to set aside the submission and for leave to file answer. The court sustained this motion and directed that the submission be set aside and that the answer be filed. In the first paragraph of this answer appellee denied the allegations of the original petition. In the second paragraph he repeated the allegations contained in his response to the rule, and in addition charged that on September 6, 1904, appellant and appellee resumed their marriage relations, in the City of Cincinnati, where they took up and continued their residence and lived together as husband and wife, and where he provided and maintained a comfortable home for his wife and child, until January, 1906, when, without any fault or like fault on his part, appellant abandoned him in the City of Cincinnati, and went to the City of Chicago, where she had ever since resided and then resided. At that time appellee took up his residence in the City of Newport, Kentucky, and brought with him their child, for whom he provided a comfortable home, clothing, maintenance and schooling, until February 19, 1910, when appellant came to Newport and persuaded the child, in the absence and without the consent of appellee, to leave appeellee's home and accompany her to Chicago.

Appellant demurred to appellee's response to the rule, but the demurrer was overruled. On May 11th, 1910, she filed a reply to the second paragraph of appellee's answer. She first denied that appellee had settled with and paid her in full for any and all claims she had or might have against him for alimony for herself. She then charged that appellee paid her four dollars per week from September 30th, 1903, until the 6th day of September, 1904, at which time he promised her, if she would resume her marital relations with him, he would cease to treat her cruelly as he had formerly done, by striking her and using obscene language to her, by getting drunk and abusing her, and gambling; that, relying upon this promise she did resume her marital relations with him; that with the exception of only four weeks after she resumed her marital relations with appellee, his treatment of her

was more cruel than it had ever been; that he refused to provide for her and their child, and consorted with lewd women, contracting a loathsome disease. She denied that appellee privided and maintained a comfortable home for her during the time they lived together, and further denied that she abandoned the appellee in Ohio. On the contrary, she alleged that, in a fit of anger and drunkenness appellee abandoned her and their child, without making any provision for her support and the child's; that in October, 1906, while they were living in Cincinnati, she was taken seriously ill with typhoid fever and was conveyed to the Good Samaritan Hospital in Cincinnati, and there remained for a period of several weeks, during which time appellee did not come to see her nor provide for her; that during her absence appellee took away their child and kept him until February, 1910; that by reason of appellee's cruelty to, and neglect of the child, the child begged her to take him with her to Chicago; that thereupon she did take the child to Chicago, where she has since been and is now residing, earning a living as a seamstress. The reply concludes with the allegation that, during all the time she lived with appellee she conducted herself as a good, true, faithful wife, and ends with a prayer that she be granted the relief prayed for in her original petition.

On May 21st, 1910, appellant moved the court for an allowance to prepare her case. This motion was overruled. On the same day an order was entered directing appellee to pay appellant the sum of five dollars per week. On June 1st a rule was awarded against appellee to show cause why he should not obey the order of the court entered on May 21st, 1910. On June 10th, 1910, appellee moved to set aside the order of November 17th, 1906, redocketing the case; the order of February 23rd, 1910, directing that a rule issue against appellee, and the order of May 21st, 1910, allowing appellant five dollars per week alimony.

Upon the hearing, the court refused to set aside the order re-docketing the case, but did set aside the order awarding the rule and the order directing appellee to pay appellant alimony at the rate of five dollars per week. From the judgment so entered this appeal is prosecuted.

It is contended by appellant, that, although she condoned the offenses committed by her husband prior to the

time of bringing the suit by renewing their marital relations, yet this condonation was upon the condition that her husband would thereafter treat her with conjugal kindness. This he did not do, and, therefore, she had the right to demand alimony and have the payment thereof enforced by the court in this action.

From the foregoing statement of facts it will be observed that this action was filed on November 13th, 1903. The alleged causes of divorce must, of course, have occurred prior to that time. Thereafter appellant took proof for the purpose of establishing the grounds of divorce. She did not then ask a submission of the case. In September, 1904, she and her husband renewed their marital relations, and continued to live together until the year 1906. On January 27th, 1906, the cause was filed away. On November 17th, 1906, the case was re-docketed, and appellant's motion for a rule against appellee, to show cause why he should not comply with the judgment as to the alimony, was continued. No further action was taken until February, 1910, when appellant again moved for, and was awarded a rule against appellee. The consent order with reference to alimony was entered November 30th, 1903. It is evident that this was simply a pendente lite order and was predicated on the idea that appellant would in good faith prosecute her action for divorce. Appellee complied with this order until they resumed their marital relations.

Upon these facts we conclude that the chancellor properly held that appellant could not enforce her rights in this action. By her renewal of the marriage relation and her failure for several years to take any steps in this proceeding, she in effect abandoned the action and all rights predicated thereon.

As to what would be the effect of appellee's alleged cruelty after the renewal of the marriage relation, upon the condonation resulting from such renewal, if presented in a new action, we express no opinion.

As the domicile of the husband is in law the fixed residence of the wife, appellant may bring a new action in the county of appellee's residence. (Dunlap v. Dunlap, 3 Ky. Law Rep. 30.)

Judgement affirmed.