Jan Watson **DAHLEM**, Petitioner,

v.

Honorable J. Howard **HOLBERT**, Judge,
Hardin Circuit Court, Elizabeth-
town, Kentucky, Respondent.

Court of Appeals of Kentucky.

Dec. 18, 1970.

Irwin G. Waterman and Frank A. Gar-
love, Morris, Garlove, Waterman & John-
son, Louisville, for petitioner.

Richard D. Remmers and Louis E. Ack-
erson, Louisville, James M. Collier, Eliza-
bethtown, for respondent.

CULLEN, Commissioner.

The judge of the Hardin Circuit Court,
sustaining a motion filed by Jan Watson
Dahlem under CR 60.02, entered an order
vacating a previous judgment of that court
which had granted Joseph C. Dahlem a di-
vorce from the movant. The order contin-
ued the case on the docket for further pro-
ceedings, including the filing of additional
pleadings if desired by the parties. Mrs.
Dahlem then brought the instant original
proceeding in this court, alleging that the
circuit judge acted without jurisdiction in
continuing the case for further proceedings
because prior to the entry of the vacated
judgment the case had been *abandoned*,
whereby no further proceedings could be
taken in it. Mrs. Dahlem's petition prays
that the respondent circuit judge be pro-
hibited from proceeding further in the ac-
tion except to award her reasonable coun-
sel fees and temporary support and to en-
ter an order dismissing the complaint.

The divorce action in Hardin County was commenced on October 20, 1965. Although the parties then resided in Jefferson County and had no connection with Hardin County, Mrs. Dahlem entered her appearance and filed answer. The action was not then proceeded with, however, because the parties became reconciled and resumed marital relations. During the ensuing two and one-half years the relationship gradually deteriorated and the parties began to stay apart from each other for increasingly longer periods. In March 1968, during one of those periods of separation, and without notice to his wife, Dahlem took and filed depositions in the divorce action, and moved for an interlocutory decree, which was entered in April 1968. Again without any notice to Mrs. Dahlem, he moved in June for final judgment, which was entered on June 12, 1968. This is the judgment that was vacated on Mrs. Dahlem's motion, which was filed on July 5, 1968.

In setting aside the judgment the circuit judge found as a fact that the divorce case was *abandoned*, and he ruled that it "could not thereafter be turned on and off like a faucet." However, he also ruled in effect that Mrs. Dahlem's original entry of appearance was "still effective," not having been withdrawn; that Mrs. Dahlem therefore was still before the court; and the court continued to have jurisdiction of the parties.

■ We think that the circuit judge was entirely correct in finding that the action had been abandoned, in view of the reconciliation. See Miller v. Miller, 141 Ky. 681, 133 S.W. 588, and Riley v. Riley, 233 Ky. 134, 25 S.W.2d 59. We also think, as the circuit judge in substance held when he said that the action could not thereafter "be turned on and off like a faucet," that the effect of the abandonment was to *terminate* the action, the same as if it had been *dismissed*, at least in the absence of any local rule of the court making other provision. We interpret *Miller* and *Riley*

as so holding. Also, the rule as stated in 1 C.J.S. Actions § 141, p. 1420, is that the effect of an abandonment is "as if the action had never been brought."

We do not consider it material that Mrs. Dahlem, in her CR 60.02 motion, did not ask specifically that the action be dismissed. Her motion, in asking that the judgment be set aside, asserted abandonment as the ground. In 24 Am.Jur.2d, Divorce and Separation, sec. 349, p. 491, it is stated that "if it should come to the attention of the court, either before or during the hearing on the merits, that the parties have become reconciled it would be incumbent upon the court to dismiss the action." And in 24 Am.Jur.2d, Dismissal, Discontinuance, and Nonsuit, sec. 70, p. 61, it is said that circumstances may be such as to justify the trial court in concluding that an action has been abandoned, "so that a hearing on a motion to dismiss is not required."

■ Where the trial court in the instant case committed error, we think, was in treating Mrs. Dahlem's entry of appearance as continuing to be in effect (apparently because she did not withdraw it) for the purpose of what in effect constituted a *new* action. It is our opinion that there was no need or occasion for Mrs. Dahlem to *withdraw* her entry of appearance because when the action terminated by reason of abandonment nothing remained before the court on which her entry of appearance still could operate. Clearly, her entry of appearance in the initial action could not extend by operation of law to a *new* action. See 6 C.J.S. Appearances § 14b., p. 44.

Hackney v. Hackney, Ky., 327 S.W.2d 570, relied upon by the respondent, is not in point because there no question of *abandonment* was involved.

The previous order of this court, staying proceedings on an appeal from the Dahlem divorce judgment pending disposition of the CR 60.02 motion, was not intended to and in terms did not confer any authority

on the circuit court to proceed generally in the action.

 The divorce action having terminated by abandonment, the circuit court has no authority to take any further proceedings therein, and this lack of authority extends to Mrs. Dahlem's requested allowances of attorney's fees and temporary support.

An order will issue prohibiting the respondent from taking or entertaining any further proceedings in Action No. 6461 in the Hardin Circuit Court, styled "Joseph C. Dahlem, Plaintiff v. Jan Watson Dahlem, Defendant," except to enter a formal order of dismissal of the action for record purposes.

All concur except STEINFELD, J., who did not sit.