**Earnest BARRETT, Appellant,**

v.

**Dinah Gail BARRETT, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

A. Dale Bryant, Bryant & Franks, Jackson, for appellant.

Sam Ward, Hazard, for appellee.

PALMORE, Judge.

Earnest Barrett appeals from an order overruling his CR 60.02 motion to vacate a judgment awarding a divorce to his wife, Dinah Gail Barrett.

The divorce action was brought by Dinah Gail against Earnest in the Perry Circuit Court. The ground alleged was cruel and inhuman treatment. KRS 403.020(3) (b). Summons was served on March 24, 1970, at which time Earnest was living in Newport and working at Norwood, Ohio. No responsive pleading was filed. On January 29, 1971, a judgment was entered granting Dinah Gail a divorce, awarding custody of the two children of the parties to Dinah Gail's mother and father, and directing Earnest to pay $40 per month for support of the children and $10 per month as alimony. The evidence was taken before the chancellor on the day the judgment was entered. Earnest was not present, either in person or by counsel.

Five days later, on February 3, 1971, Earnest filed a motion under CR 60.02 to set aside the judgment. One of the grounds stated in his verified motion was that he and Dinah Gail had become reconciled and had lived together as man and wife for several months during the interim between the filing of the divorce action in March of 1970 and the purported resumption of the proceeding on January 29, 1971, and that the judgment apparently had been rendered pursuant to false testimony.

At a hearing on the CR 60.02 motion Dinah Gail freely admitted that she and Earnest had resumed the marriage and lived together from April, 1970, until some time in December of 1970.

There is nothing in the record to show the time and manner in which Earnest received notice of the trial on January 29, 1971, except for Earnest's own testimony at the CR 60.02 hearing and a statement made for the record upon the same occasion by Dinah Gail's counsel, who said he had written a letter to Earnest notifying him "in time for him to be here * * * and somebody called me up a day or two before the hearing wanting to know the status of his case." Earnest testified that he received the letter at noon on Thursday (January 28, 1971) while at work in Norwood, tried to telephone Dinah Gail's attorney that evening after he got off, then went on down to Perry County with the intention of getting to the hearing in the morning, "and I called them up and they said it was already tried."

Under similar circumstances it has been held that a reconciliation and resumption of marital relations by the parties effects an abandonment of the divorce action and terminates it "the same as if it had been dismissed." Dahlem v. Holbert, Ky., 461 S.W.2d 539, 540 (1970). In the cited case the husband proceeded to take depositions and obtain a decree without notice to the wife, who had filed an answer in the pro-

ceeding and was therefore entitled to notice, whereas in this instance Earnest, being "in default for failure to appear," was not so entitled. CR 5.01. Nevertheless, if the action had been abandoned and terminated "as if it had been dismissed," the matter of notice would be of no consequence anyway.

Recognizing that there must be many divorce judgments in existence that appear regular on the face of the record but would be open to successful attack upon a showing that the parties had resumed marital relations for some period of time between the filing of the complaint and entry of the judgment, we have concluded in the interest of stability that the principle expressed in the *Dahlem* opinion should be modified as follows: The resumption of marital relations between the parties to a pending divorce action will not terminate it or affect the jurisdiction of the court to continue with the proceeding. It will, however, constitute grounds upon which the action may and should be dismissed upon proper showing at any time before judgment; and regardless of whether a party has appeared or is in default for failure to appear, he or she shall be entitled to notice of any further action proposed to be taken that will have the effect of resuming the proceeding. Resumption of the proceeding without such notice shall be mandatory ground for setting aside each and every action thereafter taken without the knowledge of the other party except for that portion of any judgment which grants a divorce, provided the motion for relief is made within a reasonable time after discovery and within the limits set forth in CR 60.02.

This opinion is not intended to imply that a divorce judgment can never be wholly vacated. To the contrary, see Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728 (1924). See also Crowe v. Crowe, 264 Ky. 603, 95 S.W.2d 251 (1936); Bushong v. Bushong, 272 Ky. 474, 114 S.W.2d 735 (1938); Winfrey v. Winfrey, 286 Ky. 245, 150 S.W.2d 689 (1941); Self v. Self, 293 Ky. 255, 168 S.W.2d 743 (1943). What we hold here is simply that a showing that the parties resumed their marital relations prior to the judgment will not warrant that much relief.

The order overruling appellant's motion to vacate is reversed with directions that an order be entered vacating the judgment except to the extent that it dissolves the marriage between the parties, following which all other issues shall be determined *de novo*.

All concur.