**Florence Louise COTTRELL, Appellant,**

**v.**

**John Thomas COTTRELL, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1973.

J. David Borders, Louisville, for appellant.

James H. Polsgrove, Louisville, for appellee.

REED, Justice.

Appellee, John Thomas Cottrell, filed a divorce complaint against his wife, appel-

lant Florence Louise Cottrell, on July 14, 1971. It is undenied that within the 20-day period during which appellant could file a timely answer, the parties were reconciled. By the husband's own admission, they lived together several weeks after the filing of the complaint.

According to appellant, her husband stated to her that he would call his attorney and have the lawsuit dropped. Relying upon this representation she took no steps to answer the complaint. Thereafter and without notice to her, the husband proceeded to prosecute the divorce action to a conclusion. A judgment was entered awarding the husband a divorce and adjudging that he was entitled to the home occupied by the parties, an automobile and a truck. Appellant stated that she did not discover her husband's failure to dismiss the suit until she read a divorce notice in a newspaper in early November 1971.

Appellant immediately contacted an attorney, and on November 15, 1971, filed a motion to dismiss the action on the ground that the reconciliation after the action had been commenced amounted to an abandonment of the lawsuit. Appellant also moved to set aside the judgment under the provisions of CR 60.02 on the grounds of mistake and excusable neglect and fraud affecting the proceedings on the part of appellee. She asked the court to allow her to file an answer and counterclaim for her claimed proportionate share of the marital property and for an award of alimony and other appropriate relief.

The trial court ruled that under our decision in Barrett v. Barrett, Ky., 474 S.W. 2d 74 (1971), he was obliged to set aside all portions of the judgment except that portion which dissolved the marriage. He further decided, however, that a proper construction of Barrett, together with our prior decision in Colley v. Colley, Ky., 460 S.W.2d 821 (1970), required that appellant be precluded from litigating the issue of alimony. We disagree with the trial court's interpretation of these two deci-

sions insofar as the relitigation of the issue of alimony is concerned in this case.

In Barrett we said:

"Resumption of the [divorce] proceeding without such notice [of any further action proposed to be taken that will have the effect of resuming the proceeding] shall be mandatory ground for setting aside *each and every action thereafter taken without the knowledge of the other party except for that portion of any judgment which grants the divorce,* provided the motion for relief is made within a reasonable time after discovery and within the limits set forth in CR 60.- 02." (Italics supplied).

In Colley v. Colley, Ky., 460 S.W.2d 821 (1970), we stated that the wife could be entitled to alimony under KRS 403.060(1), the statute in effect at the time of the disposition of this action, where the evidence warranted a judicial finding that she was entitled to a divorce, and other required elements were established.

Under KRS 403.200, enacted by the 1972 General Assembly, maintenance, which is analogous to what was formerly denominated alimony, may be granted to either spouse following a decree of dissolution of the marriage. It seems to us that whether the issue is viewed as if the Colley opinion controls or whether it is viewed in the light of the provisions of KRS 403.200 is actually immaterial. Under Colley it appears there has been no determination properly litigated in the trial court as to whether the wife is legally entitled to a divorce. Under KRS 403.200, the elements for the allowance of maintenance have not been judicially considered. The wife might have been partially at fault but still entitled to a divorce on the statutory ground of cruel and inhuman treatment under the rationale in Colley. Under Chapter 403 of the Kentucky Revised Statutes enacted in 1972, there is no possible impediment present because the final decree entered would have been one of dissolution of the marital relationship, rather than the

award of a divorce to one spouse from the other.

We, therefore, hold that the trial judge correctly set aside the distribution of property made in the judgment, and also correctly refused to set aside that part of the judgment which granted a divorce under the requirements of Barrett. He erred, however, in undertaking to preclude the appellant from litigation of the question of her entitlement of alimony.

The order appealed from is reversed with directions for further proceedings consistent with this opinion.

All concur.