JUDGE PETERS
delivered the opinion oe the court.
Of the domestic troubles which resulted in the separation of these parties this court need say but little, since we have no power to review or reverse the judgment divorcing them; and from the evidence we do not feel authorized to conclude that the appellee was not entitled to alimony, nor that the allowance, in view of the estate and fortune of the appellant, was improper or too much.
Their only child is a daughter of tender years, and needs the care and attention of her mother at this time, who is not shown to be an incompetent or improper person for the discharge of the duties of such; and the allowance for its annual support is not too much.
On the subject of the allowance of three hundred and fifty dollars to appellee’s attorneys as a fee in this case, it has been determined by this court, in Williams v. Moore, 18 B. Mon. 518, and Ballard v. Caperton, &c., 2 Met. 412, under section 32, chapter 25, 1 Revised Statutes, page 292, that in suits for alimony and divorce the husband is liable for a reasonable fee to the counsel of the wife as part of the costs, where the wife is not in fault and has no estate. Under this provision of the statute, and the ruling of the court thereon, it is proper that appellant should pay a reasonable fee to the counsel of appellee, and that it should be allowed by the court in which the suit, was pending. But what is a reasonable fee in such cases is a fact to be ascertained, as any other fact in issue in judicial proceedings, by evidence.
*522 In the last cited case it appears that the parties were heard on the motion of the attorney for an allowance for his services, evidence introduced, and an opportunity given the opposite party to contest the claim. In this case it does not appear that any evidence was introduced to prove the value of the services of the attorneys of appellee; and it seems to this court, in the absence of evidence of the value of the services of the attorney, that the amount allowed is not a reasonable fee. And, according to the proper construction of the statute on the subject, a reasonable fee to one attorney only should be allowed; and if there were more than one attorney engaged by the wife, she should pay all except one, and the fee to which one would be entitled they can divide or dispose of among themselves in any way they see proper.
'Wherefore for the error alone in the allowance to the attorney of appellee, and which was ordered to ‘ be taxed as costs against appellant, the judgment is reversed, and the cause is remanded with directions to refer the case to the master to ascertain by evidence and report what is a reasonable attorney’s fee in the case, and for further proceedings consistent herewith.