## Winfrey v. Winfrey.

April 25, 1941.

246

Tanner Ottley for appellant.

L. C. Winfrey, J. C. Carter, Jr., and Harlan E. Judd for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

On November 10, 1939, appellee began action for divorce from appellant, and custody of their two boys nine and five years of age. As a ground appellee charged such behavior on the part of appellant as proved her to be unchaste. Kentucky Statutes, Section 2117. Summons was duly served on the same day petition was filed, and appellant was served with notice on that day that appellee would take depositions on the 17th of November at a law office in Burkesville, on which day appellee took his proof. No answer was filed, and on November 22, the cause being submitted on pleadings and proof, the chancellor granted absolute divorce, awarding the custody of the children to the father.

At the March 1940 term of the court, and on March 19, appellant filed a motion asking that the judgment therefore entered be set aside, and the case "redocketed for further orders," because:

(1) Being an equity case it did not stand for trial at the November term, since Mrs. Winfrey was only served with summons on November 10, and court began on the 20th, and judgment was rendered on the 22d.

(2) By fraud and coercion on the part of appellee, appellant was induced to leave home and not be present at the time of taking depositions.

(3) That notice called for the taking of depositions in the office of counsel for appellee at 10 a. m. on November 17, when as a fact they were taken on that day at 2 p. m. at the home of appellee ten miles from Burkesville, and the officer fraudulently certified the taking as stated in his certificate. No offidavit accompanied the motion undertaking to support such grounds as were not shown on the face of the papers. The court overruled

the motion and it is from this order appeal is prosecuted.

Counsel insists that appellant is entitled to a reversal on the strength of Riley v. Riley, 233 Ky. 134, 25 S. W. (2d) 59; Moran v. Moran, 281 Ky. 739, 137 S. W. (2d) 418; and Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728. The court only reversed the Riley case in so far as it related to alimony, which issue was raised by pleadings. The other two cases held that a judgmen of divorce might be reversed where it was shown that the court was wanting in jurisdiction, the judgment being void because of that fact. Such is not the case here presented. Nothing is shown in support of appellant's motion which would in the least indicate lack of jurisdiction, either of parties or subject matter. The complaints relate solely to procedural matters; nor is there any showing that she has been wronged in so far as property rights are concerned, and it is not manifested that appellant has any desire to obtain or is entitled to custody of the children.

It is so well settled that this court is powerless to review or reverse a decree of divorce, except where the judgment is void for want of jurisdiction, that it is hardly necessary to refer to the numerous cases in which we have made this principle clear. One recent opinion is applicable to the case at bar. We quote from Bushong v. Bushong, 272 Ky. 474, 114 S. W. (2d) 735, 736, without setting out the grounds upon which the motion was based, and which related solely to procedural matters:

"Counsel for appellant recognizes the obstacle presented by the provisions of Section 950-1 of the Kentucky Statutes, but insists that he is not asking for a reversal of the judgment * * * itself, but simply for a reversal of the order overruling the motion to vacate and set aside the judgment. We cannot do by indirection that which the statute prohibits us from doing directly and the necessary effect of our judgment reversing the chancellor in his refusal to vacate the judgment of divorce would be simply to reverse the judgment for divorce. The court had jurisdiction of the parties and the subject matter, and we are left at last with the insurmountable obstacle that the judgment granting the divorce is not void. It is therefore beyond the power of this court to reverse it."

Following our decision in the case supra, appellant instituted action in conformity with Section 518 of the Civil Code of Practice, alleging that the divorce judgment had been procured by means of fraudulent testimony, and we pointed out the distinction of fraud practiced in procedural matters, and such as undertook to vest the court with jurisdiction, and quoting from the Bushong case, supra, reaffirmed the principle therein laid down.

We also pointed out how the complainant might proceed to redress property wrongs suffered at the hands of her adversary. We need not point to other opinions of this court which demonstrate the lack of power of this court to review or reverse judgments of divorce, except in so far as they relate to alimony, property rights, or to custody of infant children, but refer the reader to 7 Kentucky Digest, Divorce, Key Number System 177.

Judgment affirmed.