## Self v. Self.

Feb. 12, 1943.

256

A. Murray Beard and Lindsey Ridgway for appellant.

H. H. Glenn for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Dismissing appeal.

The appellant and defendant below, Minnie R. Self, prosecutes this appeal from a judgment of the Bullitt Circuit Court granting an absolute divorce to appellee and plaintiff below, William B. Self, on the theory that the judgment is void. She realizes that under Section 21.060, KRS no appeal will lie to this court from a judgment granting a divorce. But she insists that the chancellor had no jurisdiction of the parties and she seeks to have the judgment declared void.

The plaintiff sought a divorce on the ground that he and defendant had lived separate and apart continuously for more than five years next before this suit was brought. The petition averred that he has been a resident of Kentucky for more than five years and that he was then a resident of Bullitt County; that defendant was a resident of Indiana but he had no information in what county she resided or where her post office was located. The petition was verified, a warning order was made and a warning order attorney was appointed, who filed his report stating he had been unable to locate defendant and knew of no affirmative defense he could make.

Self and Fannie Engle, the woman he subsequently married, were the only witnesses who testified. In a

very meager and somewhat indefinite manner, they proved the allegations of the petition and the chancellor granted a divorce to Self during the July term, the judgment being entered on July 19, 1939. At the following November term, Mrs. Self by counsel filed a motion under Section 763, Civil Code of Practice to have the judgment set aside on the ground that it was void for the alleged reason that the court had no jurisdiction of the parties or of the subject matter of the action. This was proper procedure since she claimed the judgment was void. Janin v. Logan, 209 Ky. 811, 273 S. W. 531; also a person constructively summoned must resort to such a motion before appealing. Mann v. Humphrey's Adm'x, 267 Ky. 406, 102 S. W. (2d) 342. Such motion, although not the most approved practice, authorizes the court to grant a new trial under Section 518 of the Civil Code of Practice. Southern Nat. Life Ins. Co. v. Ford's Adm'r, 151 Ky. 476, 152 S. W. 243; Crowe v. Crowe, 264 Ky. 603, 95 S. W. (2d) 251.

The motion was overruled by Judge Jones on Dec. 29, 1939, just before he went out of office. On Jan. 1, 1940, Judge Handley succeeded him as Judge of the Bullitt Circuit Court. Mrs. Self by counsel, during the July term 1940, moved Judge Handley to set aside the order of Judge Jones refusing to vacate the judgment of divorce on the alleged ground that the order was entered without notice and was void; her motion also asked that the divorce judgment be set aside on the ground that it was void. This motion was sustained. After the order and judgment were set aside Mrs. Self's demurrer to the petition was sustained with leave given plaintiff to amend. Also, he was given permission to retake his proof, and defendant given ample time to plead and to take her proof.

Her answer to the amended petition is a traverse followed by a plea to the jurisdiction by an averment that plaintiff was not a resident of Bullitt County. Both parties took proof by depositions, which were directed largely to the question of whether or not Self was a resident of Bullitt County at the time the suit was filed. Upon final submission upon the pleadings and proof, the chancellor granted Self a divorce.

Without deciding whether or not Judge Handley erred in vacating the order of Judge Jones and in setting aside the judgment of divorce by the latter, it is evident

258

that as the parties pleaded to an issue, took proof thereon and the case was submitted to the chancellor on its merits, his judgment is not void. It might have been erroneous, but under Section 21.060, KRS this court has no jurisdiction to review a judgment of divorce to determine whether or not it is erroneous. It is only where a divorce judgment is void that an appeal may be prosecuted in this court. Winfrey v. Winfrey, 286 Ky. 245, 150 S. W. (2d) 689; Bushong v. Bushong, 283 Ky. 36, 140 S. W. (2d) 610. The Bushong case distinguishes between a judgment of absolute divorce obtained by fraudulent testimony and one where fraud has been practiced in conferring apparent jurisdiction upon the court granting it. If the fraud has been practiced to obtain apparent jurisdiction, the judgment can be set aside after the expiration of the term at which it was entered; if the fraud related only to the testimony to obtain the divorce, the judgment cannot be so set aside.

Since this judgment was not void and since this court has no jurisdiction to review a judgment for divorce, the appeal must be dismissed.