## Lanham v. Lanham.

June 12, 1945.

238

W. R. Henry for appellant.

Stephens & Steely for appellee.

OPINION OF THE COURT BY JUDGE HARRIS — Affirm-ing.

This is a divorce action. It was instituted by the husband and is here on his appeal from an order sustaining his wife's jurisdictional plea and dismissing his petition.

There is no conflict in the evidence with respect to the jurisdictional facts, which may be summarized as follows: Plaintiff's parents reside on a farm in Whitley county where he was born and reared; in 1934, when he was about 21 years of age, he left their home and went to Cincinnati, Ohio; in 1936 he married the defendant, and in obtaining his license for that purpose he gave Cincinnati as his place of residence; following the marriage he and his wife kept house and he lived there continuously until their separation in the winter of 1940; in the meantime his child was born there in Cincinnati; he registered for the draft and was inducted into the army there in that city; he has not lived in Whitley county or in Kentucky at any time since he left in 1934, nor has he ever registered or voted in that county, although he has always claimed his father's home as his home and has visited with his parents for short periods each year; when he entered the army he sent his civilian clothes to their home; he says that it is his intention to return to Whitley county and to make his home there permanently when he receives his discharge from the army.

The plaintiff relies upon Radford v. Radford, 82 S. W. 391, 26 Ky. Law Rep. 652, insisting that the facts bring his case within that authority.

The Radford case does not sustain his position, but on the contrary its every implication is against him. In that case the plaintiff husband was an actual resident, property owner and taxpayer of Christian county at the time he entered the navy. The question presented,

therefore, was not whether he had a residence in Christian county at the time of his induction into the service, but merely whether he lost his residence there by reason of his absence while serving in the navy. In the present case the question is not whether the plaintiff lost his alleged Kentucky residence by reason of his induction into the army, but whether he in fact had an actual residence in Kentucky at the time of his induction. As pointed out in Tipton v. Tipton, 87 Ky. 243, 8 S. W. 440, one may have a legal residence or legal domicile in one state and an actual residence in another. In that case the plaintiff Tipton had, to start with, both a legal and an actual residence in Madison county. In May of 1880 he abandoned his wife and children and left the state; in November of 1883 he returned and remained there in Madison county for about three months; then he left and remained away until April or May, 1885, at which time he returned to this state and remained here until about the first of January, 1886. In his deposition he stated that he always regarded Madison county as his home; that he never voted any other place; and that he did not leave at any time with the intention of remaining away any great length of time. His evidence further showed that during the period in question he paid poll taxes in Madison county; voted there in the election of 1885, and when he last left he told his mother that he was going away for a year or two but would return. In our opinion, in disposing of the jurisdictional question there presented, we pointed out the distinction between a legal residence and an actual residence; held without qualification that he did not have an actual residence in this state as contemplated and required by section 423 of the Civil Code of Practice, and sustained his wife's plea to the jurisdiction of the court.

The appellant's own testimony in the present case and that of his witnesses establish without contradiction that he has never actually resided in Whitley county or in Kentucky since he left as a young man in the year 1934, and for us to hold that he is an actual resident of Whitley county and entitled to maintain the present action simply because when he was inducted into the army he sent his civilian clothes to the home of his parents and expressed an intention to return there when he left the service, would do violence to the rule which we have adhered to without exception since the publication of

our opinion in the Tipton case almost 50 years ago. The rule requiring actual residence, as distinguished from legal residence or domicile, has been so uniformly followed and is so well settled that we deem a citation of authorities to be unnecessary.

It is our view, therefore, that the chancellor was correct in his ruling, and the judgment appealed from is now affirmed.