**KIRK v. KIRK.**

Court of Appeals of Kentucky.
June 22, 1951.

C. F. See, Jr., Louisa, for appellant.
McCoy & McCoy, Inez, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment rendered in favor of Polly Mae Kirk against Mary Parsley Kirk, individually and as administratrix of the estate of Lat Kirk,. who died on June 19, 1945, as the result of an accident. Polly Mae Kirk brought this action in the Martin Circuit Court to· set aside the judgment of divorce granted by that court to Lat Kirk on June 1, 1943,. in an action against her. In her motion to· set aside the judgment she states that Lat. Kirk was not a resident of Martin County,. Kentucky, at the time he procured the divorce from her, but that he was a resident of West Virginia at that time; that she had received no notice of the action filed by him in the Martin Circuit Court. After the procurement of the divorce Lat Kirk married Mary Parsley Kirk with whom. he was living at the time of his death. The· determination of this action will have its effect upon the disposition of Workmen's Compensation payments by the State of· West Virginia to Lat Kirk's dependents.

After a hearing of the testimony offered· by the parties, the Martin Circuit Court.

decided that the judgment of divorce granted Lat Kirk on June 1, 1943, was void and of no effect because of fraud on the court in its procurement. It is not necessary for us to detail the evidence offered in behalf of the parties to this litigation, and it is not necessary for us to determine whether Polly Mae Kirk knew of the action in the Martin Circuit Court and of the judgment obtained therein. Nor is it essential for us to decide whether Mary Parsley Kirk aided and abetted in procuring Lat Kirk's divorce from Polly Mae Kirk in 1943. The determinative evidence of this litigation is the clear cut revelation that Lat Kirk was not a resident of Martin County, Kentucky, at the time he filed his action for divorce against Polly Mae Kirk, that he knew he was not, and that the sole witness who testified in his behalf did so by prearrangement under an assumed name. The evidence is overwhelming that Lat Kirk was at that time and at all times since a resident of the State of West Virginia. The testimony of Lat Kirk's brothers and sisters, the records of his employers during the period in question, and the record of his voting establish beyond doubt that Lat Kirk was a resident of the State of West Virginia at the time he procured the judgment of divorce in Martin County, Kentucky.

Under Section 518(4) of the Civil Code of Practice "The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it * * * For fraud practiced by the successful party in obtaining the judgment." The present action was brought in the Martin Circuit Court where the original judgment granting Lat Kirk a divorce had been obtained. In 31 Am.Jur., Judgments, Section 738, it is stated that "whenever judgment is the result of a fraud perpetrated upon the court by a false representation of jurisdictional facts, the court rendering it may set it aside in a proper proceeding instituted for that purpose. For example, if a judgment is obtained upon constructive service by the plaintiff's false allegations that he resided in the county where the action was brought and that the defendant was a non-

resident of the state, the judgment may be set aside on the ground that it was procured by fraud."

The action taken here by Polly Mae Kirk is consistent with the recommendation and holding of this court in the leading case of Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728, decided in 1924. In that case we stated that a judgment obtained through fraud as to a jurisdictional fact may be wholly vacated and set aside in a suit for that purpose in the same county under Subsection 4 of Section 518 of the Civil Code. To the same effect is Restatement of the Law, Judgments, Section 12b.

Judgment is affirmed.