**Barbara ELSWICK, Appellant,**

v.

**Astor ELSWICK, Appellee.**

Court of Appeals of Kentucky.

March 13, 1959.

Baird & Hays, Pikeville, for appellant.

J. A. Runyon, Kelsey E. Friend, Pikeville, for appellee.

CULLEN, Commissioner.

Astor Elswick was granted a judgment of divorce from Barbara Elswick in the Pike Circuit Court. A motion by Barbara to set aside the judgment was overruled. She has appealed from the judgment and from the order overruling her motion. No question of alimony or custody of children is raised.

Barbara had sought a dismissal of the action on the ground that neither she nor her husband was a resident of Pike County, but both were residents of West ·Virginia. Depositions were taken with reference to the question of residence, and upon the merits of the husband's alleged grounds for divorce. The case was referred to a commissioner, who filed a report finding that the residence of the parties was such as to confer jurisdiction on the court, and recommending that the husband be granted a divorce. Fifteen days later the court entered judgment in accordance with the commissioner's report and recommendation.

Barbara's motion to set aside the judgment was based upon the ground that notice of the filing of the commissioner's report was not served upon her as required by CR 53.04; that she had no actual knowledge of the filing of the report and therefore was deprived of the opportunity to file exceptions.

The difficulty is that there is no right of appeal from that portion of a judgment granting a divorce. KRS 21.-060(1) (b). Nor can there be an appeal from an order overruling a motion to set

aside a judgment of divorce (unless perhaps, the motion is on a ground that would make the judgment void). Winfrey v. Winfrey, 286 Ky. 245, 150 S.W.2d 689; Bushong v. Bushong, 272 Ky. 474, 114 S.W. 2d 735.

■ Where the question of jurisdiction in a divorce action has been raised in the lower court, and there is any evidence to show the jurisdictional residence of the parties, the lower court's judgment granting a divorce based upon a determination that it has jurisdiction is not void and cannot be questioned on appeal regardless of the fact that the determination may be against the overwhelming weight of the evidence and be clearly erroneous. Lampkin v. Lampkin, Ky., 258 S.W.2d 720; Weintraub v. Murphy, Ky., 240 S.W.2d 594; Lewis v. Lewis, 224 Ky. 18, 4 S.W. 2d 1106. Here, there was some evidence to show the necessary residence, so there is no basis for a claim that the judgment is void.

In effect, Barbara is seeking relief from this Court by reason of the procedural irregularity that occurred when the clerk failed to serve notice of the filing of the commissioner's report. This irregularity could not render the judgment void, but merely erroneous, and this Court does not have the authority to review the question of whether the granting of a divorce is erroneous. KRS 21.060(1) (b). Even a question of procedural fraud in obtaining a divorce judgment has been held not reviewable. Winfrey v. Winfrey, 286 Ky. 245, 150 S.W.2d 689.

■ It may be that such an extreme case of denial of procedural rights might sometime arise as to warrant exercise by this Court of its extraordinary powers under Section 110 of the Kentucky Constitution. However, this is not such a case.

The object of the appeal herein being to obtain reversal of a divorce judgment, and there being no right of appeal for that object, the appeal is dismissed.