Edgar McDANIEL, Appellant,

v.

Rose Marie McDANIEL, Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1964.

George Bailes, Cincinnati, Ohio, for appellant.

Isaac Turner, Hyden, for appellee.

MONTGOMERY, Judge.

Edgar McDaniel appeals from a judgment denying his motion to vacate a judgment of divorce in which the custody of Pamela, his then two-year-old daughter, was awarded to her mother, Rose Marie.

On July 2, 1962, a judgment was entered in this action by which Rose Marie was granted a divorce and given the custody of Pamela and of Loretta, then three years old. Edgar was ordered to pay $10 per week for Pamela's support.

The complaint and deposition of Rose Marie taken on June 30, 1962, were filed on that date. The judgment also bore that date, as well as a waiver of service of summons and notices purporting to bear the signature of Edgar and to have been witnessed by Robert and Bobby Collett, relatives of Rose Marie's. Appellant attacks the judgment by his motion to vacate on the grounds that there was no service on appellant and that appellee did not possess

the proper residence requirement for suit. He contends that he did not sign a waiver of summons and that appellee was a resident of Ohio.

An examination of the record affords ground for holding that appellee may have perpetrated a fraud on the court. The rule is that a divorce judgment procured by fraud and perjury as to residence may by a direct attack be set aside as void even though the party obtaining the divorce has remarried and innocent parties may be affected. Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728; Crowe v. Crowe, 264 Ky. 603, 95 S.W.2d 251; Kirk v. Kirk, Ky., 240 S.W.2d 598. The compelling reasons for the rule are fully discussed in the Logsdon opinion. Cf. Moran v. Moran, 281 Ky. 739, 137 S.W.2d 418, wherein the Logsdon rule is misstated.

The rule stated would appear to be a proper basis for setting aside so much of the judgment as awarded the custody of Pamela to her mother. Since the custody of Pamela is the sole issue raised by appellant, consideration of the appeal will be so confined.

Following the making of the motion to vacate, proof was taken from which the Chancellor found, among other findings, that appellee married John W. Dillon on July 12, 1962, immediately following the divorce; that she was pregnant at the time of the finding on January 25, 1963; that she and her new husband were living in a house by themselves; that her husband earned $150 per week; and that they were getting along well. Upon these findings, the Chancellor concluded that there had been no proof of improper conduct on the part of appellee since her remarriage and denied the motion in so far as it sought to set aside the custody order. In effect, the Chancellor treated the matter as a reconsideration of the custody order and decided to make no change in it in view of the evidence of changed conduct on the part of appellee. Doubtless the ruling may have been induced by the rule that the courts

favor granting the custody of young female children to the mother. Polivick v. Polivick, Ky., 375 S.W.2d 683.

However much the Court might be inclined to condemn the judgment by reason of the apparent fraud and perjury, the welfare of the child should control here despite the unusual circumstances shown. Byers v. Byers, Ky., 370 S.W.2d 193. The Chancellor has a wide discretion in such matters. Williams v. Williams, Ky., 338 S.W.2d 689. Under the circumstances the discretion of the Chancellor will not be disturbed. Should there be a sufficient change of condition, as the Chancellor noted, the custody question may again be reconsidered.

Judgment affirmed.