Genrose DeSIMONE, Appellant,

v.

Kenneth DeSIMONE, Appellee.

Court of Appeals of Kentucky.

March 26, 1965.

Clyde Williams, Jr., Campbellsville, for appellant.

Charles M. Summers, Campbellsville, R. D. McAfee, Louisville, for appellee.

WADDILL, Commissioner.

Appellee, Kenneth DeSimone, and appellant, Genrose DeSimone, were married during 1952 and approximately ten years later appellee brought the instant action for divorce. In the judgment from which this appeal is taken appellee was granted an absolute divorce and was given the real and personal property. Appellant was awarded custody of two children, granted lump sum alimony of $7,712 and allowed $125 per month for the children's support.

■ We need not consider the merits of appellant's argument that the chancellor erred in granting appellee a divorce since we have no jurisdiction over that portion of a judgment granting a divorce. KRS 21.-060(1) (b); Hinton v. Hinton, Ky., 377 S.W.2d 888.

■ Appellant contends the chancellor erred in awarding certain property to appellee. The evidence shows that appellee provided the funds for the purchase of their real property and the chancellor so found. Nowhere in the record did appellant testify to having furnished any funds toward the purchase of the property. Since the finding is supported by the evidence the chancellor properly restored the real property to appellee. KRS 403.060.

■ The alimony award is equal to one-third of appellee's estate as found by the chancellor. While it is alleged to be inadequate, in the absence of unusual circumstances to the contrary such a minimal amount is sufficient. See Heustis v. Heustis, Ky., 346 S.W.2d 778.

■ The chancellor found that at the time of the trial appellee's annual income was $4,500 and appellant's was $12,000. In view of these findings and other relevant circumstances which appear herein there is no merit to appellant's contention that the award for child maintenance is inadequate. The chancellor may alter this provision of the judgment upon a showing of change of circumstances.

■ Since appellant's attorney was not made a party to this appeal the questioned adequacy of the amount allowed him as a fee is not before us. McDowell v. McDowell, Ky., 378 S.W.2d 814.

The judgment is affirmed.