RENDERED: OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0290-MR

ABBY L. DOZIER                                        APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM BELL CIRCUIT COURT<br>HONORABLE ROBERT V. COSTANZO, JUDGE<br>ACTION NO. 18-CI-00380 |

WALTER H. DOZIER, JR.                                  APPELLEE

OPINION AND
ORDER
DISMISSING

** ** ** ** **

BEFORE: COMBS, McNEILL, AND K. THOMPSON, JUDGES.

COMBS, JUDGE: Abby L. Dozier seeks to appeal a decree of the Bell Circuit

Court that dissolved her marriage to Walter H. Dozier, Jr. We dismiss the appeal.

Because the procedural history of the matter is integral to its

resolution, we examine it in detail. Walter and Abby married in Florida in 1975.

They separated in February 2018, and Walter moved to Pineville, Kentucky.

Walter filed a verified petition for dissolution on October 24, 2018.

Service of process was attempted through certified mail, the Indian River County Sheriff's office, and a professional process server. Unable to locate Abby for service, Walter sought appointment of a warning order attorney by motion filed on April 17, 2019. A warning order attorney was duly appointed. She filed a timely report with the court, indicating that she had attempted to correspond with Abby at her last known address to no avail and that she could make no defense on Abby's behalf. A final hearing date was set for June 26, 2019. This order was forwarded to Abby at her address in Vero Beach, Florida.

On June 26, 2019, Abby filed a pleading captioned "Limited Entry of Appearance for the Purpose of Contesting Jurisdiction over the Parties and the Subject Matter." Addressing various issues other than her stated intention of challenging the court's jurisdiction over her, Abby argued that Walter had not "personally, knowingly, or voluntarily" signed the petition for dissolution. Consequently, she specifically contested the court's jurisdiction over *him*. Abby requested an opportunity to depose Walter's medical care providers and to discover his pharmacy records.

The court conducted a hearing that included testimony from a social worker from the Department for Community Based Services, statements from Walter, and arguments of the parties. At its conclusion, the circuit court determined that there was "nothing to indicate any duress, coercion or cognitive

disabilities" on Walter's part.  In an order entered on July 22, 2019, the court concluded that "jurisdiction in the Commonwealth of Kentucky is proper."

On July 24, 2019, Abby filed:  a response to the petition for dissolution; a motion requesting a competency evaluation; a motion requesting a conciliation conference; and a motion to dismiss.  Immediately thereafter, Abby's counsel filed a motion to withdraw from the representation.  She advised the court that Abby had relieved her as counsel and that Abby intended to proceed -- *pro se*.

At a hearing conducted on July 31, 2019, the circuit court cautioned Abby concerning the risks associated with representing herself.  Nevertheless, she acted on her own behalf.  Reiterating that it had jurisdiction both over the parties and the subject matter, the court divided the couple's property.  It dissolved the marriage by decree entered on September 16, 2019.  Some days later, new counsel for Abby filed his entry of appearance and filed a motion to alter, amend, or vacate.  Walter died on December 29, 2019.

By order entered on February 3, 2020, the circuit court vacated its judgment with respect to every issue *except dissolution of the marriage*.  Abby filed her notice of appeal on February 25, 2020, indicating that Walter (the would-be appellee) was now deceased.  A copy of the notice of appeal was served on Walter's counsel.  By our order entered on March 16, 2020, and based upon the

fact that Walter was deceased, we directed counsel for the parties to provide a status update with respect to the appeal within ten days.

On March 30, 2020, Abby filed her response. She indicated that her appeal of the dissolution of the marriage remained viable despite Walter's death.

Without filing a response to our order of March 16, 2020, Walter's counsel filed with this Court a motion to withdraw from the representation. The motion was granted by our order entered on June 3, 2020. In the intervening period, by order entered on April 22, 2020, this Court placed the appeal in abeyance for 90 days to allow for appointment of an administrator and for "any action which may be required with regard to reviving the claim before the circuit court."

On July 24, 2020, Abby filed a motion with this Court to extend the period of abatement. She indicated that an administrator for Walter's estate would likely be appointed within 60 days. Walter's brother, Ronald Dozier, was appointed to act as administrator by the Bell District Court on September 23, 2020.

In a motion filed with this Court on October 21, 2020, Abby requested that the appeal be returned to the Court's active docket. The motion was served on Ronald Dozier as administrator of Walter's estate.

By order entered on January 5, 2021, the motion to restore the appeal to the Court's active docket was passed "because it does not appear that a motion

to revive the action has been filed in circuit court." The motion panel directed Abby to file a timely motion to revive the action and counseled that "[u]pon revival of the action, a motion to substitute parties shall be filed in this Court pursuant to CR[1] 25.01 and CR 76.24(a)."

On March 10, 2021, Abby filed a motion to substitute Ronald Dozier, administrator to Walter's estate, as appellee. She also filed a motion to restore the appeal to the Court's active docket. By order entered on July 15, 2021, the appeal was restored to our active docket. However, the motion to substitute was passed to this merits panel. The Court directed Abby to discuss in her brief why she was not required either to revive the action or to file a motion to substitute parties within the one-year period of limitations provided in KRS[2] 395.278.

On appeal, Abby argues that a motion to substitute Ronald Dozier (administrator of Walter's estate) as a party was not required to be filed within one year of Walter's death. We disagree.

When a party against whom an appeal may be taken dies after entry of a judgment or order in the trial court but before a notice of appeal is filed, our rules of civil procedure provide that an appellant may proceed as if the death had not occurred. CR 76.24. However, after the notice of appeal is filed, substitution must

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

-5-

be made for the deceased party. The rule provides that the personal representative of the deceased party may be substituted as a party on motion filed by any party with the clerk of the appellate court. CR 76.24. The motion must be served upon the representative in accordance with the provisions of CR 25.

CR 25.01 provides in pertinent part that the motion for substitution may be made by any party within the period allowed by law. Operating in conjunction with CR 25.01, KRS 395.278 provides that

> [a]n application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, **shall be made within one (1) year after the death of a deceased party**.

(Emphasis added.) Where a deceased party has no representative, CR 76.24 provides that "any party may suggest the death on the record and proceedings shall then be had as the appellate court may direct."

Because Walter was deceased at the time the notice of appeal was filed, we directed counsel to provide a status update within ten days. Based upon Abby's response, we placed the appeal in abeyance for 90 days. We did so specifically to allow for appointment of an administrator and for "any action which may be required with regard to reviving the claim before the circuit court." After Abby indicated that an administrator for Walter's estate would likely be appointed within 60 days, we granted her motion to extend the period of abatement. Ronald

-6-

Dozier was appointed to act as administrator of his estate approximately 60 days later. Without filing a motion to substitute the administrator of the estate as a party, Abby requested the following month that the appeal be returned to the Court's active docket. We declined to restore the appeal to the active docket and directed Abby to file a timely motion to revive the action, indicating the required sequence of events as follows: "[u]pon revival of the action, a motion to substitute parties shall be filed in this Court pursuant to CR 25.01 and CR 76.24(a)." Finally, on March 10, 2021, Abby filed a motion to substitute Ronald Dozier, administrator to Walter's estate, as appellee. To recapitulate, Walter had died on December 29, 2019. Thus, this motion was clearly filed out of time, and the appeal must be dismissed.

Moreover, Section 115 of the Kentucky Constitution provides that the Legislature may prescribe that no appeal shall be taken from that "**portion of a judgment dissolving a marriage**." (Emphasis added.) The General Assembly enacted KRS 22A.020(3), which specifically provides that "there shall be no review by appeal . . . from that portion of a final judgment, order or decree . . . dissolving a marriage." Consequently, a decree of dissolution of marriage is not **subject to appellate review** -- except where the judgment is void for want of jurisdiction. *Winfrey v. Winfrey*, 286 Ky. 245, 150 S.W.2d 689 (1941); *Clements v. Harris*, 89 S.W.3d 403 (Ky. 2002) (citing *Whitney v. Whitney*, 70 Ky. (7 Bush) 520

(1870); *Irwin v. Irwin*, 105 Ky. 632, 49 S.W. 432 (1899); *DeSimone v. DeSimone*, 388 S.W.2d 591 (Ky. 1965); *Drake v. Drake*, 809 S.W.2d 710 (Ky. App. 1991)).

Abby argues that the circuit court lacked jurisdiction to render the decree dissolving her marriage to Walter. However, service was duly completed through a warning order attorney by certified mail. Moreover, Abby submitted to the court's jurisdiction through her appearance in June 2019, which can only be regarded as a general appearance rather than a special appearance. *See Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 822 (Ky. 2019). Finally, there was sufficient evidence to indicate that Walter had been a resident of Kentucky for the statutory period. *Karahalios v. Karahalios*, 848 S.W.2d 457, 459 (Ky. App. 1993); *Elswick v. Elswick*, 322 S.W.2d 129 (Ky. 1959); *Lampkin v. Lampkin*, 258 S.W.2d 720 (Ky. 1952), *as modified on denial of reh'g* (June 12, 1953). The decree of dissolution granted by the circuit court is not void, and we lack jurisdiction to consider the appeal.

For the foregoing reasons, we order THAT THIS APPEAL BE, AND IT IS HEREBY, DISMISSED.

Entered: October 28, 2022

*Sara Combs*

Judge, Court of Appeals

McNEILL, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, CONCURRING: I concur but write separately to emphasize the point only raised near the end of the majority Opinion that, despite all the procedural problems with this case, Abby L. Dozier could have never succeeded on the merits to gain a reversal of the dissolution decree under these circumstances.

As the majority Opinion correctly points out, Section 115 of the Kentucky Constitution provides the Legislature with the power to prohibit an appeal from the portion of a judgment dissolving a marriage and in fact the General Assembly acted to do just that in KRS 22A.020(3) in 1976. Even prior to that time, "for well over a century, appellate courts of the Commonwealth have consistently held that a judgment granting a dissolution of marriage is not appealable or subject to appellate jurisdiction." *Clements v. Harris*, 89 S.W.3d 403, 404 (Ky. 2002).

The policy reasons behind such a statute are paramount and for this reason we should have never entertained this appeal in the first place and dismissed it promptly. The problem with reversing a dissolution decree and essentially remarrying a couple is that it creates all sorts of problems for innocent third parties. It can both make children born of a subsequent marriage illegitimate and cause a former spouse who has remarried to now have two spouses. The financial implications and problems attendant with reestablishing or recalculating marital

interests, creating new dower interests, and resolving probate, are almost unfathomable.

The Commonwealth has tried to alleviate some of these evils through statutory enactment. *See* KRS 391.100 (stating that "[t]he issue of all illegal or void marriages is considered as if born in lawful wedlock"); and KRS 391.105(1)(a) (explaining that for intestate inheritance purposes a "person born out of wedlock is . . . a child of the natural father if: . . . The natural parents participated in a marriage ceremony before or after the birth of the child, even though the attempted marriage is void[.]"); KRS 530.010(2) (providing that it is "a defense to bigamy that the accused believed he was legally eligible to remarry"). However, such statuses can still cause people to face societal scorn and other difficulties. Preventing such harms is the paramount reason why we do not allow challenges to dissolution decrees and instead limit appeals to property distribution, custody, child support, and other similar matters.

Accordingly, I concur.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Levi Z. Turner
Middlesboro, Kentucky