RENDERED: FEBRUARY 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0160-MR

GEORGE C. TACKETT                                                APPELLANT

v.
APPEAL FROM BATH CIRCUIT COURT
HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 23-CI-00145

KATIE TACKETT                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

CALDWELL, JUDGE: George Tackett, *pro se*, appeals from the findings of fact,

conclusions of law, and decree of dissolution entered by the Bath Circuit Court in

his divorce action. We affirm the circuit court.

## FACTS

The parties were married in 2009, and have three minor children.

Katie Tackett filed for divorce in Morgan County on July 17, 2023. In September

2023, a domestic violence order ("DVO") was entered against George on Katie's behalf. Katie received temporary sole custody of the children in the DVO. By November 2023, neither party lived in Morgan County and the case was transferred to Bath County.

While the dissolution was pending, George faced criminal charges for violation of the DVO and for first-degree stalking in which Katie was the victim. Because George was incarcerated for the various criminal matters, the circuit court appointed a guardian *ad litem* ("GAL") to represent him pursuant to Kentucky Rule of Civil Procedure ("CR") 17.04.

The final hearing took place on January 2, 2024. The GAL had a motion to withdraw scheduled to be heard on the same date. At the outset of the hearing, the GAL stated he did not feel he should represent George because his wife is friends with Katie. The circuit court denied his motion, stating from the bench that it was an insufficient reason for counsel to withdraw and the court was not going to further delay the matter.

The hearing proceeded as scheduled and both parties testified as to the marital assets and debts. The family court ultimately ordered that the parties' only assets, a Jeep and real property, be sold and the proceeds divided equally after payment of the marital credit card debt. Due to the DVO, the family court ordered

-2-

sole custody of the minor children to Katie, with George having supervised visitation.[1]  This appeal followed.

## ANALYSIS

We must first address the deficiencies in George's brief.  Although we recognize that *pro se* litigants are held to less stringent standards than attorneys when drafting formal pleadings, Kentucky courts still require procedural rules to be followed.  *Beecham v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983); *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009).  The "conciliatory attitude toward unrepresented parties is not boundless."  *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011).  Kentucky Rule of Appellate Procedure ("RAP") 32(A) requires an Appellate brief contain, in relevant part:

> (3) A **statement of the case** consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary.
>
> (4) An **argument** conforming to the statement of points and authorities, with ample references to the specific

---

[1] Custody of the children was addressed at the hearing only to the extent that the circuit court acknowledged the DVO provided custody to Katie, and Katie's testimony that she wanted to continue to have sole custody of the children.  Because violation of the DVO, along with stalking, is part of George's pending criminal cases, he did not testify regarding the circumstances that resulted in the Morgan Circuit Court giving temporary sole custody to Katie as part of the DVO, per the advice of his counsel.  Katie did testify that she wanted to relocate out of Kentucky with the children, but her request was denied by the circuit court.

location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

(Emphasis in original.)

In contravention of the RAP, George's brief contains no citations to the record whatsoever, nor does it contain a statement of preservation. George also fails to cite any law with the exception of the last sentence of his brief which states that the final hearing "was in complete defiance of the VIth Ammendment [sic], concerning the Right to Effective Counsel, Rule SCR[2] 3.130(1.8), concerning Conflict of Interest, and the XIVth Ammendment [sic], concerning Due Process[.]" Katie argues we should affirm the circuit court based on George's briefing deficiencies alone.

We have three options when a party fails to comply with the appellate rules: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 10(B)(3)][3]; or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). The Kentucky Supreme Court has clarified that "the manifest injustice standard of

[2] Kentucky Supreme Court Rule.

[3] Formerly CR 76.12(8)(a).

-4-

review is reserved only for errors in appellate briefing related to the statement of preservation." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). Manifest injustice exists where there "is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). "Manifest injustice is found if the error seriously affected the 'fairness, integrity, or public reputation of the proceeding.'" *McGuire v. Commonwealth*, 368 S.W.3d 100, 112 (Ky. 2012) (quoting *Martin*, 207 S.W.3d at 4). Finally, "[r]equiring a statement of preservation saves this Court the time of canvassing the record in order to determine if the claimed error was properly preserved for appeal." *S.T. v. Cabinet for Health and Family Services*, 585 S.W.3d 769, 777 (Ky. App. 2019) (internal quotation marks and citation omitted).

Due to George's briefing deficiencies, we review for manifest injustice only, and, accordingly, find none. He argues the hearing took place in violation of the Sixth Amendment to the Constitution of the United States. However, this dissolution proceeding is a civil action, and it is well-settled law that the Sixth Amendment does not apply to civil proceedings. *Cabinet for Health and Family Services v. A.G.G.*, 190 S.W.3d 338, 345 (Ky. 2006).

Although George cites to SCR 3.130(1.8) for his argument about a conflict of interest, this rule is inapplicable to any facts in the record before us.[4] Regardless, we recognize that George's counsel attempted to withdraw due to what he thought might be a conflict of interest and the circuit court denied his motion. We discern no error on the part of the circuit court because counsel stated *his wife* is friends with Katie, not him. No reason was given as to why counsel thought that relationship created a conflict of interest.

Finally, with regard to George's argument that he was denied due process under the Fourteenth Amendment to the United States Constitution, we note it is longstanding Kentucky law that "[n]otice and an opportunity to be heard and defend are the essentials of due process[.]" *Morgan Cnty. v. Governor of Kentucky*, 156 S.W.2d 498, 500 (Ky. 1941). Further, the opportunity to examine and cross-examine witnesses, to introduce and refute evidence, is central to the right of due process. *Utility Regulatory Comm'n v. Ky. Water Service Co.*, 642 S.W.2d 591 (Ky. App. 1982). George received notice and an opportunity to be heard. At the final hearing, he was represented by counsel who called George to testify on direct examination and who also cross-examined Katie. George had the opportunity to testify regarding the marital assets and debt. However, instead of testifying he did not want to sell the marital assets, as he does now to this Court, he

---

[4] It is possible that George meant to cite SCR 3.130(1.7).

testified he had not thought about it and wanted more time. However, the petition for dissolution had been pending for nearly seven months at the time of the final hearing.[5]

Finally, to the extent that George is appealing the decree of dissolution,[6]

> [g]enerally, a decree of dissolution of marriage is not subject to review before an appellate court of the Commonwealth. Section 115 of the Kentucky Constitution provides that "the General Assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage." In 1976, the General Assembly enacted KRS 22A.020(3), which provides that "there shall be no review by appeal or by writ of certiorari from that portion of a final judgment, order or decree of a Circuit Court dissolving a marriage." In addition, for well over a century, appellate courts of the Commonwealth have consistently held that a judgment granting a dissolution of marriage is not appealable or subject to appellate jurisdiction. *Whitney v. Whitney*, 70 Ky. (7 Bush) 520 (1870); *Irwin v. Irwin*, 105 Ky. 632, 49 S.W. 432 (1899); *DeSimone v. DeSimone*, Ky., 388 S.W.2d 591 (1965); *Drake v. Drake*, Ky. App., 809 S.W.2d 710 (1991).

*Clements v. Harris*, 89 S.W.3d 403, 404 (Ky. 2002).

---

[5] George filed a *pro se* response to Katie's petition for dissolution in which he acknowledged the "many discrepancies over assets, finances, and child custody."

[6] On page 5 of Appellant's brief, George states, in relevant part, "I wanted to appeal the Decree[.]" This is consistent with other pleadings contained in the record before us in which George stated he does not want the divorce.

Accordingly, for the foregoing reasons, the judgment of the Bath Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

George Tackett, *pro se*
Morehead, Kentucky

BRIEF FOR APPELLEE:

Ira S. Kilburn
Salt Lick, Kentucky